UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YUGESH NARAYAN,     Case No. 20-cv-3265

          Plaintiff,

   -against-

SONNY'S AUTO COLLISION & REPAIRS, INC.,

          Defendant.
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

      This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into as of the 21st day of December, 2020 by and between YUGESH NARAYAN ("Plaintiff") and Defendant SONNY'S AUTO COLLISION & REPAIRS, INC. ("Defendant")(Plaintiff and Defendant are collectively referred to herein as the "Parties" and singularly as "Party").

      **WHEREAS**, on July 21, 2020, Plaintiff filed a Complaint in the United States District Court for the Eastern District of New York, Case No. 20-cv-3265 (the "Action"), against Defendant alleging, among other things, violations by Defendant of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") in connection with his employment at Defendant (the "Complaint"); and

      **WHEREAS**, Defendant denies any and all claims of liability or wrongdoing asserted in the Action;

      **NOW THEREFORE,** for in consideration of the mutual promises herein contained, and for good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. **No Admission of Liability.** This Agreement shall not in any way be construed as an admission by Defendant of a violation of any rights of Plaintiff.

2. **Payment by Defendant.** In return for the Release contained in this Agreement and other consideration herein, Defendant shall provide payment of $20,000 (the "Settlement Amount") to Plaintiff for his alleged damages, attorneys'' fees and costs. Payment of the Settlement Amount shall be divided as follows:

    a. Plaintiff – The total amount of the payment due to Plaintiff is $20,000.00 in full and complete satisfaction of all of Plaintiff's released claims against Defendant to be paid as follows:

i. A check made payable to "Yugesh Narayan" for lost wages in the amount of $6,381.60. Defendant shall play the employer-side taxes for these wages and withhold federal and local taxes as appropriate and issue a W-2 as it would for any employee for these payments.

　　　　ii. A check made payable to "Yugesh Narayan" for liquidated damages pursuant to the NYLL in the amount of $6,381.60, for which an IRS form 1099 will be issued.

　　b. Counsel – The total amount due to Plaintiff's counsel is $7,236.80 payable to "Aidala, Bertuna & Kamins, P.C." in full and complete settlement of attorneys' fees and costs associated with the representation of Plaintiff in this matter.

3. **Timing and Place of Payment.** Defendant, in consideration of the release and other obligations freely entered into by the Parties as set forth in this Agreement, shall deliver to counsel for Plaintiff the Payments described above on or before fifteen (15) days from Court approval of the settlement. All checks shall be sent in care of Lawrence Spasojevich, Esq., Aidala, Bertuna & Kamins, P.C., 546 Fifth Avenue, 6th Floor, New York, New York 10036. The Settlement Amount must be received by Plaintiff's counsel by the close of business on the due date to be timely, provided however, that if the due date falls on a weekend or federally recognized holiday, the time for payment shall be deemed extended until the close of business the following business day.

4. **Taxes.** Plaintiff agrees that he shall be solely and entirely responsible for the payment and discharge of all federal, state and local taxes, if any, which may at any time be found to be due upon or as a result of the payments or benefits to each described herein, excluding any employer-owed taxes related to the payment described in Paragraph 2. Plaintiff also agrees to cooperate with Defendant in the event of a tax audit involving the payments under this Agreement. Plaintiff agrees to cooperate fully with the designation and payments set forth above and complete any paperwork necessary as a condition for Defendant's payments pursuant to this Agreement, including, but not limited to, completion of any tax forms (such as a Form W-9 and Form W-4) or other forms necessary for legal compliance, either before or after such payments. Defendant may issue any tax forms reflecting these payments, including Federal Tax Form 1099, and make reports of any such payments or benefits.

5. **Default**. In the event that the Settlement Payment described herein in Paragraph 1, *supra*, is not received in the office of Plaintiffs' counsel by the close of business on the due date, or any check given as payment hereunder is dishonored, Plaintiff's counsel shall notify Defendant's counsel, Milo Silberstein, Esq. via electronic mail to msilberstein@dsblawny.com. In the event Defendant fails to cure such default within ten (10) days from receipt of said notice, they shall be in default rendering Defendant liable for the Settlement Amount, as well as any attorneys' fees and costs associated with the prosecution and filing of the default as well as any collection proceedings.

Doc ID: ad62358f93dd77e99fa2f5fe6ea7cbff46a97cfa

6. **Limited Release by Plaintiff.** In consideration of Defendant's willingness to enter into this Agreement, and in consideration of the promises contained in this Agreement, including the payment of the Settlement Payment, Plaintiff, with the intention of binding himself, his heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally releases, waives and forever discharges Defendant from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing minimum wage, overtime pay, wage payments, spread-of-hours payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or that otherwise arise out of or are related to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, the New York Labor Law §§ 650 et seq., the New York Wage Payment Act, the New York Labor Law §§ 190 et. seq., the New York Department of Labor Regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.

    a. Nothing in this Agreement is intended or shall be deemed to prohibit Plaintiff from participating or cooperating with the Equal Employment Opportunity Commission (the "EEOC"), the New York State or City Divisions of Human Rights, or any similar federal, state or local agency in any action brought by said agency. Plaintiff agrees and acknowledges, however, that he is not entitled to and will not seek or permit anyone to seek on his behalf any personal, equitable or monetary relief for any wage and hour claims in any such action.

    b. Nothing herein shall release or preclude any claims that arise after the execution of this Agreement.

7. **Dismissal of Action.** The Parties shall take such steps as are necessary to withdraw and not further pursue all claims brought against each other, including, but not limited to, the following:

    a. **Withdrawal of The Action.** Upon execution of this Agreement and approval by the Court, the Parties' counsel shall sign and file a Stipulation and Order of Dismissal with Prejudice of the Action.

    b. **No Other Claims.** Plaintiff represents that, aside from the proceedings set forth in in the preamble herein, Plaintiff has not (i) filed any complaints and/or charges against Defendant with any other administrative agency or (ii) initiated any action or proceeding against Defendant in any other forum.

8. **Completely Integrated Agreement.** This Agreement contains the full and complete understanding between the Parties hereto and supersedes all prior understandings,

Doc ID: ad62358f93dd77e99fa2f5fe6ea7cbff46a97cfa

whether written or oral pertaining to the subject matter hereof.  This Agreement may not be amended or modified otherwise than by written agreement executed by Plaintiff and by a duly authorized representative of Defendant.

9. **Savings Clause.** The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement.

10. **Strict Compliance.** The failure of any Party to insist upon strict compliance with any provision of this Agreement, or the failure to assert any right any Party may have hereunder, shall not be deemed to be a waiver of such provision or right or any other provision or right of this Agreement.

11. **Construction.** The Parties have cooperated in the drafting and preparation of this Agreement.  No Party may be regarded as its drafter, and in any construction to be made of this Agreement, there shall be no presumption that it should be construed as against the interests of either Party.

12. **Review by Counsel.**  By signing this Agreement, each of the undersigned acknowledges that he or it had a full and fair opportunity to negotiate, review, and consider the terms of this Agreement; that he or it has been advised to seek, and has sought, the advice of his or its attorney(s) in connection with its decision whether to accept the benefits that have been offered under the terms of this Agreement; that he or it has reviewed this Agreement with the attorney(s) and advisor(s) of his or its choice; that he or it has read and understands this Agreement; and that he or it has signed this Agreement freely and voluntarily, without duress, coercion, or undue influence and with full and free understanding of its terms.

13. **Entire Agreement.**  This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral.  Plaintiff acknowledges that Defendant has no further obligation of any kind to Plaintiff or any of them except as contained in this Agreement.

14. **Costs.** Each Party shall bear his or its own attorneys' fees, costs and disbursements, including the costs and attorneys' fees incurred in this litigation, and there shall be no application to any Court by any Party or by his or its attorneys for attorneys' fees, costs and/or disbursements, except as provided for in this Agreement.

15. **Applicable Law.**  This Agreement arises out of employment within the state of New York and it shall in all respects be interpreted, enforced and governed under the laws of the State of New York without regard to New York's choice of law principles, except as to matters that are governed by Federal law.

16. **Execution.** This Agreement may be executed electronically and/or in counterparts by each party.  Facsimile, PDF or other electronic counterparts will be considered one and

Doc ID: ad62358f93dd77e99fa2f5fe6ea7cbff46a97cfa

the same instrument, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**[SIGNATURE PAGE FOLLOWS]**

Doc ID: ad62358f93dd77e99fa2f5fe6ea7cbff46a97cfa

**SIGNED AND AGREED TO:**

_____[signature]_____          Dated: 12 / 22 / 2020
YUGESH NARAYAN


AIDALA, BERTUNA & KAMINS, P.C.
*Attorneys for Plaintiff Yugesh Narayan*

_____[signature]_____          Dated: 12/22/2020
LAWRENCE SPASOJEVICH
546 Fifth Avenue, 6th Floor
New York, New York 10036
Tel: (212) 468-0011


SONNY'S AUTO COLLISION & REPAIRS, INC.

_____          Dated: _____
By:     James Aurora
Title:  Principal


DEALY SILBERSTEIN & BRAVERMAN, LLP
*Attorneys for Defendant Sonny's Auto Collision & Repairs, Inc.*

_____          Dated: _____
MILO SILBERSTEIN
225 Broadway, Suite 1405
New York, New York 10007
Tel: (212) 385-0066

6

Doc ID: ad62358f93dd77e99fa2f5fe6ea7cbff46a97cfa



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement  FOR EXECUTION 12.21.20.pdf |
| **FILE NAME** | Settlement%20Agre...ON%2012.21.20.pdf |
| **DOCUMENT ID** | ad62358f93dd77e99fa2f5fe6ea7cbff46a97cfa |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested from app.clio.com

## Document History

**SENT** — **12 / 22 / 2020** 16:25:31 UTC — Sent for signature to Yugesh Narayan (yugeshnarayan3@gmail.com) from lspasojevich@gmail.com
IP: 67.254.134.181

**VIEWED** — **12 / 22 / 2020** 16:26:24 UTC — Viewed by Yugesh Narayan (yugeshnarayan3@gmail.com)
IP: 172.58.224.61

**SIGNED** — **12 / 22 / 2020** 16:27:05 UTC — Signed by Yugesh Narayan (yugeshnarayan3@gmail.com)
IP: 172.58.224.61

**COMPLETED** — **12 / 22 / 2020** 16:27:05 UTC — The document has been completed.

Powered by HELLOSIGN

SIGNED AND AGREED TO:

_____     Dated: _____
YUGESH NARAYAN


AIDALA, BERTUNA & KAMINS, P.C.
*Attorneys for Plaintiff Yugesh Narayan*


_____     Dated: _____
LAWRENCE SPASOJEVICH
546 Fifth Avenue, 6th Floor
New York, New York 10036
Tel: (212) 468-0011


SONNY'S AUTO COLLISION & REPAIRS, INC.

*[signature]*
_____     Dated: 12/22/2020
By:    James Aurora
Title: Principal


DEALY SILBERSTEIN & BRAVERMAN, LLP
*Attorneys for Defendant Sonny's Auto Collision & Repairs, Inc.*

*[signature]*
_____     Dated: 12-22-20
MILO SILBERSTEIN
225 Broadway, Suite 1405
New York, New York 10007
Tel: (212) 385-0066

6